John W. Atwood ET ALS. *v.* Rhode-Island Agricultural Bank ET ALS.

The 28th section of the "Act prescribing the manner of proceedings in Court," limiting actions against executors and administrators to within three years after the will is proved, or administration granted, applies to contributions decreed to be due from the stockholders of a bank, under a section of their charter making them personally liable for "all losses, deficiencies and failures of the capital stock of said bank;" and the statute is a bar to such a claim, even though the three years have elapsed before the deficiency in the capital stock is discovered, and though the administrator may have received dividends on the shares on which contributions are decreed, more than three years after administration is granted.

Exceptions to the Report of a Master in Chancery. The Bill in this case was brought by the creditors of the Bank against the Bank and the Stockholders, to compel them to make up the deficiency in the capital stock of said Bank, so far as was necessary to pay the debts of the Bank, in accordance with section 3d of the charter of the Bank, which provided " that the stockholders of said Bank shall be personally and individually liable for all losses, deficiencies and failures of the capital stock of said Bank."

At the September term of the Court, 1850, it was decreed, that the stockholders in the said Bank, at the time of its failure, were liable to make up the losses, deficien-

cies and failures of the capital stock of said Bank, so far as was necessary for the payment of the debts due from said Bank, which should be presented to the Master under the decree, and that said deficiency was to be made up by the stockholders in proportion to the amount of stock held by each at its par value. Benjamin F. Cozzens was appointed Master, to ascertain the amounts to be severally contributed by the stockholders, and to report the same to the Court. The Master reported among other things, that forty-five shares in the Bank were held by Esek Ramsdell, as administrator on the estate of John Ramsdell, deceased. That in bar of the claim upon him for contribution, the said administrator pleaded the 28th section of " An act prescribing the manner of proceedings in Court," which provides that no action shall be brought " against any executor or administrator in his said capacity, unless the same shall be commenced within three years next after the will shall be proved, or administration shall be granted ;" and set up the fact that in this case administration was granted in November, A. D., 1839, and that due notice was given thereof, and that more than three years had elapsed before the present suit was commenced. The Master also reported that the administrator had received the dividends on this stock, and that he received the last dividend of $90,00 on the second of December, 1842, being a few days after the expiration of three years from his appointment. The failure of the Bank was not ascertained until after 1842. The Master held the plea of the statute valid, and the plaintiffs excepted.

*Potter and Jenckes,* in support of the exceptions. The statute, which is pleaded in bar to this claim, should be

construed in connection with the 41st section of the act in relation to intestate estates, by which the administrator is bound to settle up the estate within three years. In this case the administrator received dividends on the stock after more than three years from his appointment, and still retained the stock down to the failure of the Bank. The statute was intended to apply to cases where the debt could be ascertained at the death of the intestate, but the liability accruing after his death, and while his estate is in the hands of the administrator, the administrator must be liable, though more than three years have elapsed. In this case the liability did not accrue until more than three years after the appointment of the administrator; and if the statute is a bar, how are we to proceed? Shall we sue the heirs? The property is still retained by the administrator. The statute applies only where the liability is contracted by the intestate personally, and where his representatives are sued as such. In this case the bill is virtually by the Bank—though brought in the name of the creditors because the Bank refused to bring it—and is against the defendants, not as debtors, but as stockholders, liable under the statute to make up the deficiencies. If the Bank had made up the deficiency by an assessment, the administrator would have been assessed, and the decision of the Court amounts to the same thing. By continuing to hold the stock after the decease of the intestate, he rendered himself jointly liable with the other stockholders. The statute attaches the liability for the failure to the possession of the shares, and creates a trust in the owners to the amount of the deficiency; and it is upon this ground that the creditors have a right to look to the administrators to whom the property has been transferred by the

operation of law. And though Courts of Equity are governed by the statutes of limitation, yet they do not apply in cases of pure trust. In the decision of this case (1 R. I. Rep. 388) it was held that this liability was a specialty, and not barred by the general statute of limitations, and still less should it be barred by a special statute applicable to a special class of cases. And if it were a good defence, yet the administrator having treated the property as his own after the lapse of the three years, is liable as a stockholder. (Williams on Ex'r. 1388.) Another ground of exception is, that this is a suit for contribution by stockholders, who have paid more than their just share of the debts of the Bank, as well as for the collection of debts by creditors, who are not stockholders, and the statute of limitations does not run against claims for contributions. (2 Eng. L. & E. Rep. p. 57.) One of the grounds upon which the case was originally decided was, that it was a case of contributions, and as such a proper subject for equity jurisdiction. The stockholders are sureties for the solvency of the Bank, and like co-sureties on a bond, are subject to contributions amongst themselves for its losses.

*Tillinghast and Bradley, contra.* This statute is a complete bar to actions brought after the three years, and the Court cannot, for any equitable considerations, go behind it. It is contained in the act prescribing the manner of proceedings in Court, and has no immediate reference to the provisions of the act in relation to intestate estates, but directs within what time the Court may entertain suits against administrators. It is as applicable in equity as at law. *Prat et al.* v. *Northam et al.* (5 Mason 95.) The design of the law was to promote a

speedy settlement of estates, and would be frustrated by extending the liability beyond the three years. The case cited from 2 Eng. Law and Eq. Rep. 57, is a case by partners for contributions *inter sese ;* but this is an action by creditors to recover a debt under the charter of the bank, not for contributions; and whether you call it a bill by the creditors, or by the bank, as trustee, makes no difference. The distinction is recognized in the case cited, 2 Eng. Law and Eq. Rep. 67. It is said the stock is a trust fund ; so far as the stock is a trust fund, it has been used. Is the liability a trust fund ? The distinction is plain. The liability can only be enforced by an action, and no action can be brought after the three years.

GREENE, C. J. By the interlocutory decree in this case, the liability of the stockholders was established, and a reference was ordered to a Master to ascertain the amounts to be severally contributed, and to bring in new parties, with the right reserved to them of pleading any special matter in discharge before said Master. One of the defences set up in the answer to the bill, was the general statute of limitations, which was overruled on the ground that the liability being a speciality was not within the statute. The plea, on which the question now arises, is that of the 28th section of the "Act prescribing the manner of proceedings in Court," which provides that no "action shall be brought against any executor or administrator in his said capacity, unless the same shall be commenced within three years next after the will shall be proved or administration shall be granted." The administrator on the estate of the deceased shareholder, was appointed in November, 1839, and there

is no question that the three years of limitation have expired, if the case is within the statute.

In considering the intent of the legislature in passing this act, it is important to examine the provisions of the general statute of limitations. That statute provides, in the first place, that the limitation shall not begin to run until the cause of action has accrued, and then proceeds to make several exceptions in favor of persons without the limits of the State, of infants, femes covert, non compotes mentis, &c. None of these exceptions are contained in this statute, and this fact shows that the legislature intended the limitation should be absolute. It was founded on what, in the judgment of the Court, was a good and satisfactory reason—the policy of establishing some period after which all suits should be barred by the final settlement of the estates of persons deceased. In the case of *Prat et al.* v. *Northam et al.* (5 Mason 95,) there was an attempt to take the case out of the statute, on the ground of a fraudulent concealment by the administrator of the claims of the plaintiff. The action was brought, not against the administrator, who practised the fraud, but against the administrator of the surety on his administration bond, and Judge Story, in his judgment, said,—" This statute of limitations, as to executors and administrators, is not created for their own security or benefit; but for the security and benefit of the estates which they represent; it is a wholesome provision, designed to produce a speedy settlement of estates, and the repose of titles derived under persons who are dead." And he held that the statute bound Courts of Equity as well as Law, and that if the statute could be avoided by fraud, it must be the fraud of the party setting up the bar of the statute.

But it is said this is a suit for contributions, and the statute of limitations does not run against claims for contributions. The answer to this ground is, that this is not a suit for contributions by the stockholders *inter sese*, but by the Bank to compel the payment of the liabilities on their several shares, and the necessity of bringing the case in Equity, springs not from the fact that it was a case for contributions, but from the fact that the shares could not be ascertained at law, unless all the parties were sued. The case *In re The North of England Joint Stock Banking Company, &c.* (2 Eng. Law and Eq. Rep. 57,) which was cited in support of this point, was a claim for contributions as between partners *inter se*, and is not applicable to this case, which is rather an action by the creditors of the bank against the stockholders as sureties of the bank.

It is also contended that the shares in the Bank were a trust fund for the payment of its debts, and as such not within the statute. But this is not so ; they are liable for the debts of the Bank, but no more a trust fund in the hands of the shareholders, than shares in a partnership are a trust fund for the payment of the partnership debts. But even if they were so, it would not affect this case, for the statute of limitations runs against trustees, where there is a concurrent jurisdiction at law and equity.

In regard to the objection, that the liability did not accrue until after the expiration of the three years, all that can be said is, that there is no remedy unless the legislature provides one. Were it not for the statute, which declares all claims against any testator or intestate due and payable at the time letters testamentary or of administration are granted, this difficulty would frequently ex-

ist, and yet the Court would have no power to remedy it. We feel obliged to say, therefore, though with great reluctance, that the statute is a complete bar ; though we will add, that we do not mean to decide that executors or administrators may not make themselves personally responsible, by showing a disposition to retain the property, long after the three years have expired, without administering on it.